Larry W. McFarland (Bar No. 129668)
lmcfarland@kmwlaw.com
Christopher T. Varas (Bar No. 257080)
cvaras@kmwlaw.com
Christian C. Dowell (Bar No. 241973)
cdowell@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Counter-Defendant
Live Nation, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGEL MUSIC GROUP, LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>LIQUID SUNSHINE, Inc., a Maine Corporation; SUE A. GORDON, an individual,<br><br>Defendants.<br><br>LIQUID SUNSHINE, INC., a Maine Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>ANGEL MUSIC GROUP LIMITED, a corporation, dba GODSKITCHEN, a United Kingdom private limited company; LIVE NATION, INC., a corporation; BACARDI, U.S.A., INC., a corporation; SPACE 34, LLC, a Florida limited liability company; LUIS PUIG, an individual; FIESTA PALMS, LLC, a Nevada limited liability company; and, TRACK ENTERTAINMENT, an entity of unknown composition,<br><br>Counter-defendants. | Case No.: CV07-06704 ABC (JWJx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>**NOTE CHANGES MADE BY THE COURT**<br><br>Complaint Filed: October 17, 2007<br>Counterclaim Filed: April 11, 2008<br>Trial Date: November 3, 2009 |

THE COURT, having reviewed the Stipulation Regarding Entry of Proposed Stipulated Protective Order, and finding good cause for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), hereby **ORDERS** that any person or party subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1.      Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action ("Discovery Material") that is designated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder. "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

2.      The person or party disclosing or producing any given Discovery Material may designate as "Confidential" or "Confidential/Attorneys' Eyes Only" such portion of such material as consists of:

a)      any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins);

        b)    any business or financial information that is confidential, proprietary or commercially sensitive to third parties who have had, or may have, business dealings with parties to this action; or

        c)    any other category of material or information hereinafter given Confidential status by the Court.

3.    With respect to the Confidential portion(s) of any Discovery material other than deposition transcripts and exhibits and other proceedings of record, including court hearings and trial, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" or "Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits and other proceedings of record, including court hearings and trial, a producing person or party or that person or party's counsel may indicate on the record that a portion of the deposition or other proceedings, including exhibits related thereto, contains Confidential Information, in which case the transcript of the designated testimony or portion of the proceedings shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the court reporter. A producing person or party or that person's or party's counsel may also by written notice sent to counsel to the signatories hereto within thirty (30) days after receiving a copy of the transcript of any such deposition or other proceeding, direct that the legend "Confidential Information Governed by Protective Order" be affixed to the first page, and each page designated in the written notice, of the original and all copies of the transcript containing any "Confidential" or "Confidential/Attorneys' Eyes Only" material.

4.    DOCUMENTS UNDER SEAL: The parties acknowledge that this Stipulation creates no entitlement to file confidential information under seal. Civil

1 Local Rule 79-5 sets forth the procedures that must be followed and reflects the
2 standards that will be applied when a party seeks permission from the Court to file
3 materials under seal. Absent written permission from the Designating Party, or a
4 court order secured after appropriate notice to all interested persons, a party may not
5 file in the public records in this action any Protected Material. Accordingly, at any
6 time prior to trial of this action, any party wishing to submit to the Court documents,
7 information, or transcripts of deposition testimony or of other proceedings that have
8 been designated by any party as "Confidential" or "Confidential/Attorneys' Eyes
9 Only" may do so only in accordance with the procedure set forth in Local Rule 79-5.1.

10  5.  If at any time prior to the trial of this action, a producing person or
11 party realizes that some portion(s) of Discovery Material that that person or party
12 previously produced without designation as Confidential Information should be
13 designated as "Confidential" and/or "Confidential /Attorneys' Eyes Only", that person
14 or party may so designate by so apprising all parties in writing, and such designated
15 portion(s) of the Discovery Material will thereafter be treated as "Confidential" and/or
16 "Confidential/Attorneys' Eyes Only" under the terms of this Order.

17  6.  No person or party subject to this Order other than the producing
18 person or party shall disclose any of the Discovery Material designated by the
19 producing person or party as "Confidential" to any other person whomsoever, except
20 to:

21  (a)  the parties to this action and Order, including their employees
22 involved or otherwise assisting in connection with this action;

23  (b)  counsel retained specifically by a party for this action, including
24 any paralegal, clerical and other assistant employed by such counsel and assigned to
25 this matter;

26  (c)  the author of such Discovery Material, its addressee, and any other
27 person indicated on the face of the Material as having received a copy;

28

- 3 -

  (d) any person retained by a party to this action to serve as an expert witness or to otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

  (e) stenographers engaged to transcribe depositions, court hearings and trial proceedings in this action and their support personnel; and

  (f) the Court and its support personnel;

  (g) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

  7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 6(d) above, such person shall first be provided by counsel contemplating such disclosure with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request produce it to counsel to the other parties.

  8. No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

  a) Counsel of record for the parties in this matter and outside attorneys retained by a party specifically for this action, and employees of each such attorneys to whom it is reasonably necessary to disclose such Confidential Discovery Material;

  b) outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing

opinions to assist, in any way, in this action and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  c) persons affiliated with the person or party producing said documents, including the producing party's employees and former employees (provided each such former employee has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto), to whom it is reasonably necessary to disclose such Confidential Discovery Material;

  d) Any employee or agent of any sender or recipient of the Confidential Discovery Material (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order).

  e) stenographers engaged to transcribe depositions, hearings, and trial proceedings in this action;

  f) the Court and its support personnel and/or

  g) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

  9. All designations of Confidential Discovery Material in this case must be made in good faith. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly by the parties, counsel for the objecting party or the requesting party, as the case may be, may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of demonstrating the same.

10. Entering into, agreeing to and/or producing or receiving Confidential Material or otherwise complying with the terms of this Order shall not prejudice in any way the rights of any party to object to the production of any material it considers not subject to discovery or to challenge any objection asserted by any other party.

11. This Protective Order shall survive the termination of the action. Within 30 days of the final disposition of this action, including all appeals, all Discovery Materials designated as "Confidential," and/or "Confidential/Attorneys' Eyes Only" and all copies thereof, *(except those in the possession of the Court and its personnel)* shall be promptly returned to the producing person or party (at the producing person's expense), or shall be destroyed, and, in the latter event, the persons or parties destroying such Materials shall provide confirmation thereof to the person or party that produced such Confidential Materials.

12. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation or contempt thereof.

13. Documents designated "Confidential" and/or "Confidential/Attorneys' Eyes Only" may be used by any party without limitation at trial or at hearings. However, any party who wishes to have such documents treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" at trial or hearing may renew their request for confidentiality before the trial judge at trial or hearing through a motion *in limine* or other appropriate motion. *The Court and its personnel shall not be subject to the provisions of this agreement.*

**IT IS SO ORDERED:**

DATED: *December 8, 2008*

Jeffrey W. Johnson
United States Magistrate Judge

- 6 -

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in Case No. CV 08-02930 JFW (JWJx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment including in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____